IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Cisco Systems, Inc., | NO. C 10-04960 JW |
| Plaintiff, | **ORDER GRANTING PRELIMINARY INJUNCTION** |
| v. | |
| Gestión Tecnológica, C. por A., | |
| Defendant. | |

Presently before the Court is Plaintiff's Motion for a Preliminary Injunction.[1] On November 22, 2010, the Court granted Plaintiff's Motion for a Temporary Retraining Order set to expire on December 6, 2010.[2] (See Docket Item No. 19.) To date, Defendant Gestión Tecnológica (GTEC) has not filed an Opposition to the Motion. The Court conducted a hearing on December 6, 2010. Counsel for Plaintiff was present. Defendant did not make an appearance at the hearing.

A preliminary injunction is a provisional remedy, the purpose of which is to preserve the status quo and to prevent irreparable loss of rights prior to final disposition of the litigation. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). It is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. Winter v. Natural Res. Def. Council, 129 S. Ct. 365, 375-76 (2008). "[P]reliminary injunctive relief is available to a party who demonstrates either (1) a combination of probable success and the

---

[1] (See Docket Item No. 5.)

[2] The Order required Plaintiff to serve Defendant on or before November 24, 2010. Plaintiff has filed the appropriate certificate of service. (See Docket Item No. 20.)

possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor.  These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." <u>Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.</u>, 204 F.3d 867, 874 (9th Cir. 2000).

Upon review and consideration of Plaintiff's Motion for a Preliminary Injunction and in light of Defendant's lack of opposition, the Court finds good cause to GRANT Plaintiff's Motion.  The Court has determined that Plaintiff will suffer serious and irreparable injury by incurring, among other things, substantial harm to its reputation and goodwill if GTEC is permitted to continue to pursue the lawsuit it has filed against Cisco in the Dominican Republic.

Accordingly, the Court ORDERS a Preliminary Injunction for the pendancy of this litigation as follows:  Defendant GTEC, C. por A. (alternatively known as Gestión Tecnológica) and its agents, servants, and employees, and those in active concert or participation with it or them, are hereby preliminary enjoined from:

1. Pursuing in the courts of the Dominican Republic any contractual claims that GTEC might have against Cisco arising out of the Independent Channel Partner Agreement ("ICPA");

2. Initiating in the Dominican Republic any subsequent lawsuits based on or related to any contractual claims GTEC might have against Cisco arising out of the ICPA.

This Order shall be served pursuant to the laws of the Dominican Republic.

Dated:  December 8, 2010

_____
JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Dennis John Sinclitico DSinclitico@morganlewis.com
Howard Holderness hholderness@morganlewis.com

**Dated: December 8, 2010**              **Richard W. Wieking, Clerk**

                                         **By:    /s/ JW Chambers**
                                         **Elizabeth Garcia**
                                         **Courtroom Deputy**