United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CISCO SYSTEMS, INC,

Plaintiff,

v.

GTEC, C. POR A.,

Defendant.

_______________________________________/

Case No. 10-CV-04960-EJD

**ORDER GRANTING DEFAULT JUDGMENT**

[Re: ECF Nos. 31, 38, 40, 42]

Presently before the court is Plaintiff's Motion for Default Judgment and Request for Sanctions. For the reasons set forth below, Plaintiff's motion is granted in part, and its request for sanctions is denied without prejudice.

I. BACKGROUND

Plaintiff Cisco Systems, Inc. ("Cisco") supplies networking products and services through authorized resellers around the world. (Compl. ¶ 11.) Defendant GTEC, C. por A. ("GTEC") was a Cisco authorized reseller from 2006 through March 2010 by virtue of its acceptance of Cisco's Independent Channel Partner Agreement (the "ICPA"). (Id. ¶¶ 1, 13, 16, 18.) The agreement contains California choice of law and forum selection clauses. (Id. ¶ 14.)

GTEC violated the agreement in 2009 by reselling Cisco equipment obtained from unauthorized sources and by improperly issuing discounts to customers. (Id. ¶ 17.) Cisco warned GTEC of its breach in October 2009. (Id.) Upon learning that GTEC had not cured its breach, Cisco terminated the parties' contractual relationship as permitted by the ICPA in March 2010. (Id. ¶ 18.)

United States District Court
For the Northern District of California

Notwithstanding the agreement's forum selection clause, GTEC responded by filing a lawsuit against Cisco in the Dominican Republic in August 2010 (the "Dominican civil action") alleging claims relating to the parties' relationship under the contract. (Id. ¶ 19.) Sometime later, it appears, GTEC also managed to initiate a criminal action in the Dominican Republic (the "Dominican criminal action") against both Cisco and Neal Rubin, a Cisco Vice President. (Friedman Decl. ¶ 4, Mar. 18, 2011, ECF No. 34.)

Cisco brought the instant action for a declaratory judgment of the parties' rights and duties under the agreement, and for GTEC's breach of the agreement by initiating the Dominican civil action in violation of the forum selection clause. Cisco requested—and was granted—a temporary restraining order and then a preliminary injunction prohibiting GTEC from continuing or initiating in the Dominican Republic any contractual claims arising out of the ICPA.

GTEC has never answered or appeared in this action. The clerk issued a notice of default, and Cisco now moves for default judgment. In relief, Cisco requests 1) an award of monetary damages to compensate for its defense of the Dominican actions; 2) a permanent injunction prohibiting GTEC from "pursuing the currently pending lawsuit against Cisco in the Dominican Republic," and from "initiating any subsequent lawsuit against Cisco on behalf of GTEC, except as provided for in the parties' contract"; 3) a declaratory judgment that the agreement's choice of law and forum selection clauses are valid, binding, and enforceable, and that they were violated by GTEC's prosecution of the Dominican civil action; and 4) its attorney's fees and all costs of bringing the instant case.

## II. LEGAL STANDARDS

Default judgments are governed by Fed. R. Civ. P. 55. Upon default the factual allegations of the complaint, except those relating to the amount of damages, are taken as true. TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987). Conversely, claims which are legally insufficient and necessary facts which are not contained in the pleadings are not established by default. Cripps v. Life Insurance Company of North America, 980 F.2d 1261, 1267 (9th Cir. 1992). The determination of whether to enter a default judgment is within the sound discretion of the court.

United States District Court
For the Northern District of California

In the exercise of their discretion, courts consider a number of factors: 1) the merits of the plaintiff's claim, 2) the sufficiency of the complaint, 3) the amount of money at stake, 4) the prejudice to plaintiff if relief is denied, 5) the possibility of a dispute concerning material facts, 6) whether the default was due to excusable neglect, and 7) the strong policy favoring decisions on the merits which underlies the Federal Rules of Civil Procedure. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Before granting a default judgment, the district court must be satisfied of both its subject matter jurisdiction over the case and its personal jurisdiction over the party against whom judgment is requested. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).

III. DISCUSSION

A. Jurisdiction

Subject matter jurisdiction over the case is proper pursuant to the federal diversity statute, 28 U.S.C. § 1332(a)(2). Cisco is a citizen of California, while GTEC is a citizen of the Dominican Republic. (Compl. ¶¶ 6–7.) See JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd., 536 U.S. 88, 91 (2002) (holding that a corporation of a foreign state is a citizen of such state for purposes of determining jurisdiction). Cisco alleges in its complaint that the amount in controversy exceeded the $75,000 jurisdictional minimum. (Compl. ¶ 9.) Although its allegation is conclusory, such general allegations are expressly allowed by the Federal Rules. See Fed R. Civ. P. 84 & Form 7. The requested injunction, if respected, would prevent GTEC from recovering the $13 million it claims in the Dominican action. (Compl. ¶ 20.) Such a possibility suffices to support the amount in controversy requirement. See In re Ford Motor Co./Citibank (South Dakota) N.A., 264 F.3d 952, 959 (9th Cir. 2001).

GTEC subjected itself to the personal jurisdiction of this court by agreeing to the ICPA's forum selection clause. See Carnival Cruse Lines, Inc. v. Shute, 499 U.S. 585 (1991); Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509 (9th Cir. 1988).

B. Propriety of Default Judgment

Cisco has shown that entry of default judgment is warranted in this case. The facts alleged in the complaint clearly support a case for breach of contract. The amount of money at stake—on the

United States District Court
For the Northern District of California

order of $100,000—is large, but not so large as to raise concerns about the integrity of the claim. The claimed damages have also been demonstrated to be money actually spent by Cisco in defending against the Dominican action. If relief is denied, Cisco will remain responsible for those costs. There is no reason to believe that GTEC's failure to appear in this action is the result of excusable neglect; it appears to have been properly served and consistently notified of the proceedings before this court. See Certificates of Service, ECF Nos. 20, 30; Holderness Decl. Exs. A–D, ECF No. 33.

C. Terms of the Default Judgment

1. Money Damages

Where proximate cause is properly alleged in the complaint, it is established upon default for the purpose of evaluating liability. See Dillard v. Victoria M. Morton Enterprises, Inc., 2011 U.S. Dist. LEXIS 11134 (E.D. Cal. Feb. 3, 2011) (citing Greyhound ExhibitGroup, Inc. v. E.L.U.L. Realty Group, 973 F.2d 155 (2d Cir. 1992)). A plaintiff seeking default judgment "must only prove that the compensation sought relates to the damages that naturally flow from the injuries pled." Id. The complaint adequately alleges the existence and breach of a contract, as well as proximate cause. (Compl. ¶ 13 & Ex. A (existence); ¶¶ 19–20 (breach); ¶ 21 (proximate cause).) The costs of defending the Dominican civil action flow from GTEC's breach, and Cisco pleads those damages specifically in the complaint. (Id. ¶ 21.)

The costs associated with the Domnican criminal action, however, are not recoverable in this action. First, the complaint does not mention the criminal action—possibly because the criminal action was initiated after the complaint was filed. Second, it does not appear that a criminal action could even be covered by the forum selection clause, which contemplates only claims arising under the contract. (See id. ¶ 14.) Finally, contrary to Cisco's suggestion, the Dominican criminal action does not appear to violate this court's preliminary injunction, which only prohibited the initiation of actions "based on or related to contractual claims" arising out of the ICPA.

It would also be inappropriate to award the attorney's fees incurred in bringing this action as money damages. Under California law, attorneys fees are only available when provided for by contract or statute. The ICPA contains no fee-shifting provision, and California does not statutorily

United States District Court
For the Northern District of California

authorize fee awards in breach of contract cases. Attorney's fees might properly be awarded as a sanction, but not as damages for the breach of contract.

Cisco submits billing records from its Dominican counsel in the amount of $37,111.62. (Friedman Decl. Ex. A.) Upon review of the records, the court finds proof of damages in the amount of $26,274.34.[1]

2. Declaratory Judgment

Cisco seeks a judicial declaration that the forum selection and choice of law provisions of the ICPA are binding and enforceable. It also seeks a declaration that GTEC has violated those clauses by filing and pursuing a lawsuit in the Dominican Republic.

Forum selection clauses are upheld even in contracts of adhesion so long as they provide adequate notice to the offeree of what the offeree is agreeing to. For example, courts have upheld contracts offered on a take-it-or-leave-it basis to consumer users of an Internet service. See, e.g., Net2Phone, Inc. v. Superior Court, 109 Cal. App. 4th 583 (Cal. Ct. App. 2003); Koresko v. RealNetworks, Inc., 291 F. Supp. 2d 1157 (E.D. Cal. 2003). The ICPA is a business-to-business contract, which deserves even more deference. The contract is eight pages long and written clearly; the provisions at issue are clearly marked with the underlined heading "Choice of Law". Accordingly, the forum selection and choice of law clauses of the ICPA are valid under federal and California law. See generally Carnival Cruse Lines, Inc. v. Shute, 499 U.S. 585 (1991); Intershop Communications, AG v. Superior Court, 104 Cal. App. 4th 191, 201 (Cal Ct. App. 2002); Nedlloyd Lines B.V. v. Superior Court, 3 Cal. 4th 459 (1992). By bringing a suit arising under the contract in the Dominican Republic under Dominican law, GTEC violated those provisions.

3. Injunctive Relief

Cisco seeks an anti-suit injunction prohibiting GTEC from "pursuing the currently pending lawsuit against Cisco in the Dominican Republic," and from "initiating any subsequent lawsuit

[1] See Appendix A attached to this order. The amount awarded includes all fees and costs shown to have been spent defending the Dominican civil action in particular. It excludes invoice no. 3236 in its entirety for which the matters billed are identified only as "General" and the unexplained "Orange Dominicana, S.A." It also excludes the fees billed on invoice nos. 3373 and 3444 for services related to the Dominican criminal action, and all miscellaneous charges and costs from those two invoices because the invoices do not specify which costs are connected to the civil action.

United States District Court
For the Northern District of California

against Cisco on behalf of GTEC, except as provided for in the parties' contract." In its motion, Cisco represents that these terms "are identical to those found in the Court's December 8, 2010 Order Granting Preliminary Injunction," but that representation misstates the court's order. (Mem. P. & A. ISO Mot. Default J. at 7, Mar. 18, 2011, ECF No. 32.) The preliminary injunction only prohibited GTEC from "pursuing in the courts of the Dominican Republic any contractual claims that GTEC might have against Cisco arising out of the Independent Channel Partner Agreement ('ICPA')" and from "initiating in the Dominican Republic any subsequent lawsuits based on or related to any contractual claims GTEC might have against Cisco arising out of the ICPA." (Order Granting Prelim. Inj., Dec. 8, 2010, ECF No. 22 (emphasis added).)

Prohibiting parties from litigating abroad raises issues of comity, but anti-suit injunctions based on forum selection clauses have been specifically approved by the Ninth Circuit. See Applied Med. Distribution v. Surgical Co. BV, 587 F.3d 909 (9th Cir. 2009); E. & J. Gallo Winery v. Andina Licores S.A., 446 F.3d 984 (9th Cir. 2006). In issuing the preliminary injunction, this court was careful to limit the scope of the prohibitions to the coverage of the forum selection clause. Cisco's proposed permanent injunction, by contrast, would go beyond the terms to which the parties agreed. The permanent injunction will therefore track the language of the preliminary injunction.

4. Sanctions

A district court may award attorney's fees as a sanction for willful disobedience of an order. Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991). The evidence before the court is that GTEC was served with both a temporary restraining order and a preliminary injunction prohibiting it from "pursuing" its contractual claims in the Dominican Republic. To show disobedience, Cisco's counsel declares that the Dominican actions are still "pending and active," and that "GTEC has taken no steps to dismiss or abandon" those cases. Holderness Decl. ¶ 11. But this court issued only a negative injunction prohibiting GTEC from "pursuing" its claims; the injunction by its terms did not require GTEC to take the affirmative step of dismissing or abandoning those claims. The court finds no evidence in the record which establishes that the order was actually violated. Accordingly, the court declines to enter sanctions at this time.

Cisco may refile a motion for sanctions at a later time, but any renewed motion must comply

United States District Court
For the Northern District of California

with Civil L.R. 7-8. Because judgment is entered concurrently with this order, such a motion must be served and filed within fourteen days. Civil L.R. 7-8(d).

IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that money damages are entered against Defendant in favor of Plaintiff in the amount of $26,274.34. IT IS FURTHER ORDERED that GTEC is permanently enjoined from:

- pursuing in the courts of the Dominican Republic any contractual claims that GTEC might have against Cisco arising out of the Independent Channel Partner Agreement ("ICPA"); or
- initiating in the Dominican Republic any subsequent lawsuits based on or related to any contractual claims GTEC might have against Cisco arising out of the ICPA.

IT IS HEREBY ADJUDGED that

- the choice of forum provision of the ICPA is enforceable and binding on GTEC and Cisco;
- the choice of law provision of the ICPA designating California law is controlling and is enforceable on GTEC and Cisco; and
- in filing and pursuing the lawsuit in the Dominican Republic, GTEC has violated the choice of law and forum selection clauses in the parties' contract.

**IT IS SO ORDERED.**

Dated: September 27, 2011

EDWARD J. DAVILA
United States District Judge

United States District Court
For the Northern District of California

Appendix A
Money Damages

The table below itemizes the money damages requested by Cisco. All figures come from Exhibit A to the Declaration of William W. Friedman. (No money damages are awarded based on the invoices submitted in Exs. B–C.) The awarded damages are in bold type.

| Invoice No. | Fees related to Dominican civil action | Fees related to Dominican criminal action | Costs and other charges (not specified whether related to civil or criminal action) |
|---|---|---|---|
| 3115 | **$1,847.00** | $0.00 | **$312.72** |
| 3196 | **$1410.50** | $0.00 | **$237.56** |
| 3235 | **$302.50** | $0.00 | **$50.56** |
| 3236 | $936.50 | $0.00 | $155.75 |
| 3373 | **$16,587.00** | $2,913.50 | $2,624.84 |
| 3444 | **$5,526.50** | $3,620.50 | $586.19 |

The total award is the sum of the bolded entries, which equals $26,274.34.